**RUI QING ZHENG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Michael B. Mukasey,[1] Respondent.**

No. 04–2842–ag.

United States Court of Appeals, Second Circuit.

Jan. 29, 2008.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Peter D. Lobel, New York, NY, for Petitioner.

Michael J. Garcia, U.S. Attorney for the Southern District of New York; Beth E. Goldman, Assistant U.S. Attorney; Sarah S. Normand, Assistant U.S. Attorney, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Rui Qing Zheng, a citizen of the People's Republic of China, seeks review of an April 28, 2004 order of the BIA affirming the November 5, 2002 decision of Immigration Judge ("IJ") Philip L. Morace denying Zheng's defensive application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Qing Zheng,* No. A 77 994 609 (B.I.A. Apr. 28, 2004), *aff'g* No. A 77 994 609 (Immig. Ct. N.Y. City, Nov. 5, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, Zheng failed to challenge the denial of her claim for CAT relief in her appeal to the BIA or in her brief to this Court. Accordingly, her claim for relief under the CAT is deemed abandoned.

The agency's adverse credibility determination is adequately supported by the following findings: (1) Zheng's failure to

mention in her asylum application her IUD examination scheduled for March or April 1999 constituted a material omission because her plan for avoiding apprehension by the family planning officials depended on the timing of this appointment; (2) her testimony regarding her whereabouts during the approximately three-month period prior to her alleged forced abortion was inconsistent; (3) she implausibly says that she remained at home despite knowing that the family planning officials might come to apprehend her; (4) her testimony was generalized and she was sometimes non-responsive; (5) she failed to mention a forced abortion at her airport interview; (6) it was implausible that her witness, with whom she had lived for almost a year, did not know about her forced abortion; and (7) Zheng failed to provide evidence corroborating her assertion that she was forcibly aborted.

Several of these findings call into question her assertion that she removed her IUD, became pregnant, and was forcibly aborted. These findings are plainly central to Zheng's claims for relief. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Although Zheng was given the opportunity to explain these inconsistencies and omissions, her explanations were not such as would compel a reasonable fact-finder to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ's adverse credibility determination was amply supported by his findings regarding the omissions, inconsistencies, and implausibilities in Zheng's claim. *Zhou Yun Zhang,* 386 F.3d at 74. Accordingly, the IJ properly found that Zheng failed to meet the burden of proof required for asylum or withholding of removal, where both of those claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).